**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0672-22

IN THE MATTER OF
THE ESTATE OF
JOSEPH WARNOCK,
an incapacitated person.

_____

Submitted May 6, 2024 – Decided August 22, 2024

Before Judges DeAlmeida and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. P-000148-21.

Glenn H. Ripa, attorney for appellant Betty Ann Turkus.

Taff, Davies & Kalwinsky, LLC, attorneys for respondent Deanna DeGraff (Joel A. Davies, on the brief).

PER CURIAM

Appellant Betty Ann Turkus appeals an order granting summary judgment

invalidating the July 13, 2017 last will and testament of the deceased, Joseph

Warnock, and directing that the December 19, 2006 last will and testament be admitted to probate. We affirm.

We glean the facts from the summary judgment record, viewing the facts in the light most favorable to appellant as the non-moving party. Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 125 (2023). Joseph Warnock executed a last will and testament on December 19, 2006 (the 2006 will), naming his wife, Marie Cunha, as beneficiary. In the event Cunha predeceased Warnock, Cunha's daughter from a previous marriage, DeAnna DeGraff, would inherit Warnock's estate.

Eleven years later, on July 13, 2017, Warnock executed a new last will and testament (the 2017 will), naming Laurie Vanecek and William Vanecek as his beneficiaries. Warnock was predeceased by Cunha on January 20, 2018, and his two adult children: Kathleen Warnock Scotto and Jane Warnock. On March 23, 2018, Warnock was adjudicated incapacitated by an Ocean County judge based upon a March 9, 2017 report prepared by Dr. Martin Whiteman. Warnock, a Monmouth County resident, passed away at the age of 93 on July 17, 2020. He is survived by his estranged daughter, Turkus, and DeGraff.

Following Warnock's death, Turkus filed a verified complaint in Ocean County Probate Court. The complaint was later filed in Monmouth County.

2

Turkus sought the following relief: (1) the revocation of the 2006 will; (2) the revocation of the 2017 will; (3) the revocation of the Marie Cunha and Joseph Warnock Supplemental Benefits Trust dated March 13, 2017; (4) the distribution of Warnock's estate under the laws of intestacy and the appointment of Turkus as administrator of Warnock's estate; and (5) directing DeGraff to provide a full accounting of Cunha's and Warnock's finances since December 19, 2006.

DeGraff filed an answer contesting most of the relief sought by Turkus but concurred with the request to invalidate the 2017 will on the grounds of undue influence and lack of testamentary capacity. DeGraff also sought to admit the 2006 will to probate and to permit her to qualify as the executrix of Warnock's estate. Lastly, DeGraff's answer sought the dismissal of the verified complaint.

Following the expiration of discovery, DeGraff moved for summary judgment to invalidate the will and to probate the 2006 will. A few days prior to the May 27, 2022 hearing date, the motion judge denied Turkus's request to adjourn the hearing date and the June 8, 2022 trial date. On May 26, Turkus filed a letter brief with no supporting affidavit asserting Warnock had testamentary capacity when he executed the 2017 will. Turkus, however, did

not file a responding statement of statement of disputed material facts in accordance with Rule 4:46-2(b).

Turkus's counsel did not appear for the scheduled Zoom oral argument. After attempts to reach counsel by telephone and email were unsuccessful, the motion judge proceeded with oral argument. Nonetheless, the judge considered the late opposition. Following oral argument, in a well-reasoned oral opinion, the motion judge granted DeGraff's motion for summary judgment, finding Warnock lacked both the testamentary capacity to execute the 2017 will and to revoke the 2006 will. Accordingly, the motion judge invalidated the 2017 will and directed the 2006 will be admitted to probate.

Thereafter, Turkus moved for reconsideration of the May 27 order, arguing there was insufficient evidence in the record to show that Warner lacked testamentary capacity; and therefore, summary judgment should not have been granted. Tukus relied on a one-page expert report dated September 30, 2022 submitted on the morning of the hearing date. The motion judge denied Turkus's motion for reconsideration explaining the summary judgment motion was "correctly decided on the law and facts" and not opposed in accordance with the court rules. This appeal ensued.

On appeal, Turkus reasserts Warnock had the requisite testamentary capacity at the time he executed the 2017 will. Turkus further argues the issue of whether Warnock had the testamentary capacity to execute the 2017 will is a question of fact that must be determined at trial. Unpersuaded by Turkus's arguments, we affirm.

We review a grant of summary judgment de novo, applying the same standard as the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). That standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (quoting R. 4:46-2(c)). "Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the trial court's legal analysis or statutory interpretation. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

5

Having reviewed the record and the applicable legal principles, we are satisfied the judge correctly decided the motion for summary judgment because Turkus's late opposition failed to comply with the procedural requirements of Rule 4:46-2. Accordingly, the facts set forth in DeGraff's statement of material facts were properly deemed admitted by the motion judge pursuant to Rule 4:46-2(b). Notwithstanding the lack of compliance with the rule, it is clear from the motion record that the judge considered Turkus's argument regarding Warnock's testamentary capacity in executing the will in July 2017 after he was adjudicated incapacitated in March 2017. We are, therefore, satisfied the motion judge considered "the competent evidential materials" in the light most favorable to Turkus despite the lack of compliance with Rule 4:46-2(b). Leang v. Jersey City Bd. of Educ., 399 N.J. Super. 329, 357-58 (App. Div. 2008), aff'd in part and rev'd in part on other grounds, 198 N.J. 557 (2009).

However, "the law is well settled that '[b]are conclusions in the pleadings without factual support in tendered affidavits, will not defeat a meritorious application for summary judgment.'" Brae Asset Fund, L.P. v. Newman, 327 N.J Super. 129, 134 (App. Div. 1999) (quoting United States Pipe & Foundry Co. v. American Arbitration Ass'n, 67 N.J. Super. 384, 399-400 (App. Div. 1961)). Turkus's late opposition asserted that Warnock had the testamentary

A-0672-22

capacity to execute the 2017 will.  That assertion was nothing more than a bare conclusion with no factual support.  A self-serving assertion, unsupported by documentary proof, "is insufficient to create a genuine issue of material fact." Heyert v. Taddese, 431 N.J. Super. 388, 414 (App. Div. 2013).  Also, Turkus's allegation was not enough to defeat summary judgment; as the non-moving party, Turkus "must produce sufficient evidence to reasonably support a verdict in [her] favor."  Invs. Bank v. Torres, 457 N.J. Super. 53, 64 (App. Div. 2018), aff'd and modified by 243 N.J. 25 (2020); see also Sullivan v. Port Auth. of N.Y. & N.J., 449 N.J. Super. 276, 279-80 (App. Div. 2017) (explaining that "bare conclusions" lacking "support in affidavits" are "insufficient to defeat [a] summary judgment motion").  In opposing the summary judgment motion, Turkus did not submit competent evidential materials to support her contention that Warnock had the testamentary capacity to execute the 2017 will.  Given the record, Turkus's bald assertion regarding testamentary capacity was insufficient to defeat summary judgment.  Therefore, there was no genuine factual dispute warranting a denial of the motion.

To the extent we have not addressed any of Turkus's remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3 (e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0672-22